**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Karen Martin DOYLE, Respondent,**

**No. 2004–SC–0361–KB.**

Supreme Court of Kentucky.

Oct. 21, 2004.

### OPINION AND ORDER

The Respondent, Karen Martin Doyle, whose bar roster address is 412 East

Spring, Cookeville, Tennessee, was publicly censured by the Board of Professional Responsibility of the Supreme Court of Tennessee for violating DR 7–102(A)(1) and (2) (two counts), DR 7–105(A), and DR 7–106(A)(C)(7). Upon motion by the Kentucky Bar Association (KBA), this Court issued a show cause order directing Respondent to show cause, if any, pursuant to SCR 3.435(2)(b), why the imposition of identical discipline should not be imposed. Respondent does not object to the Court issuing an order of reciprocal discipline if said order will resolve all charges pending against her, to which the KBA does not object.

SCR 3.435(4) states in pertinent part that this Court "shall impose the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State."

The Board of Professional Responsibility of the Supreme Court of Tennessee determined that Respondent "was held in contempt in a case in which she was personally a party for her failure to comply with an order of the court." The order further states that the Respondent "filed an action on her behalf for collection of child support in Tennessee on the basis of an Order issued by a Kentucky court which was no longer effective." Further, she "participated in presenting a criminal charge solely to gain an advantage in her civil matter." Respondent committed these violations in the context of her contentious divorce proceedings pending in Kentucky.

The conduct proscribed in the aforementioned Tennessee disciplinary rules is also proscribed in SCR 3.130–3.1, which provides that a lawyer "shall not knowingly bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law"; in SCR 3.130–3.4(f), which states "[a] lawyer shall not present ... criminal or disciplinary charges solely to obtain an advantage in any civil or criminal matter"; in SCR 3.130–3.4(c), which provides that a lawyer shall not "[k]knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists"; and in SCR 3.130–3.4(e), which prohibits a lawyer from "knowingly or intentionally allud[ing] to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence ...."

ACCORDINGLY, IT IS HEREBY ORDERED:

(1) Respondent, Karen Martin Doyle, is hereby publicly reprimanded for her violation of SCR 3.130–3.1, SCR 3.130–3.4(f), SCR 3.130–3.4(c), and SCR 3.130–3.4(e).

(2) In accordance with SCR 3.450, Respondent shall pay all costs associated with these disciplinary proceedings against her, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: October 21, 2004.

/s/ Joseph E. Lambert
CHIEF JUSTICE